**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CHRISTINE JUHASZ, | : | |
| Plaintiff, | : | |
| | : | No. 5:25-cv-7154 |
| v. | : | |
| | : | |
| USAA CASUALTY INSURANCE COMPANY, | : | |
| Defendant. | : | |

**O P I N I O N**
**Motion for Partial Dismissal, ECF No. 9 – Granted**

**Joseph F. Leeson, Jr.**                                          **April 14, 2026**
**United States District Judge**

## I.      INTRODUCTION

This matter arises out of an automobile accident. Plaintiff, Christine Juhasz, pursued

underinsured motorist ("UIM") benefits through her insurer, USAA Casualty Insurance

Company. USAA offered her $15,000 in response to Juhasz's demand. Juhasz filed the present

action for breach of contract and bad faith. USAA moves to dismiss Juhasz's bad faith count. For

the following reasons, the Court grants the Motion for Partial Dismissal.

## II.     BACKGROUND

On February 8, 2023, Juhasz was seriously injured in an automobile accident. *See* Am.

Compl. ¶ 7, ECF No. 8. She "sustained serious and permanent injuries which include, but are not

limited to vertigo, severe pain in the head and neck, sensitivity to light and noise, concussion

syndrome, mental status changes, headaches, balance issues, dizziness, increasing forgetfulness,

difficulty with speech, memory loss, focus and sleep deprivation and post-concussive symptoms,

as well as great mental pain and anguish." *Id.* ¶ 8. She also "suffered a loss of earning and a loss

of earning capacity," and could not perform her "usual occupation." *Id.* ¶ 10.

At the time of the incident, Juhasz was insured through an automobile insurance policy with Defendant USAA. *See id.* ¶ 3. Juhasz paid for and received various coverages, including Full Tort Coverage ("FT") and Underinsurance Bodily Injury Coverage ("UIM Coverage"). *See id.* ¶ 4. Juhasz had two automobiles insured under her Policy and UIM coverage: "a 2012 Dodge Ram 1500 Quad 4x4 and a 2017 Kia Optima 4D LX." *Id.* ¶ 5. She "was insured in the amount of $100,000/$300,000 bodily injury coverage, stacked times two (2) for the said automobiles, thereby providing maximum UIM coverage in the total amount for $200,000/$600,000." *Id.* ¶ 6; *see also* Ex. A, ECF No. 8-1.

"At the time of the accident, the tortfeasor was insured by GEICO Insurance . . . with a bodily injury liability coverage limit of $25,000 per person[.]" *Id.* ¶ 12; *see also* Ex. B, ECF No. 8-2. "GEICO tendered the limits of its bodily injury coverage [$25,000] to [Juhasz] in full and final settlement of the claim against its insured[.]" Am. Compl. ¶ 15; *see also* Ex. D, ECF No. 8-4; Ex. E, ECF No. 8-5; Ex. H, ECF No. 8-8. On June 28, 2024, Juhasz, through counsel, requested USAA's consent to settle the liability claim and requested UIM coverage, to which USAA consented "and waived its subrogation rights." Am. Compl. ¶ 15; *see also* Ex. G, ECF No. 8-7. In its letter consenting to the settlement, dated July 22, 2024, USAA stated:

> This letter does not verify acceptance of liability of any underinsurance coverage available to [] Juhasz. We need to evaluate and determine the extent of your client's injuries and other policies for additional UIM coverage.

Am. Compl. ¶¶ 36–37; *see also* Ex. H. The letter required Juhasz to submit a complete UIM demand package. *See* Ex. H.

On August 7, 2025, Juhasz, through counsel, made a written demand to USAA for $150,000, "relative to the UIM [c]overage under her policy, and based on her injuries as reflected in the various medical records and reports." *Id.* ¶ 19; *see also* Ex. F, ECF No. 8-6. She provided

medical records, including neural evaluations, internal medicine appointments, physical therapy, and cognitive and vision therapies.[1] *See* Ex. F. On September 8, 2025, USAA offered $15,000 to settle the claim. *See* Am. Compl. ¶¶ 20, 42; *see also* Ex. I, ECF No. 8-9. Juhasz alleges that this "offer was not reasonably based on the evidence and documents provided by [Juhasz] to [USAA,]" and rejected USAA's offer. Am. Compl. ¶¶ 21–22. Juhasz maintains that she "has fully complied with the terms and conditions of the policy of insurance and all conditions precedent and subsequent to her right to recover UIM benefits under the policy." *Id.* ¶ 23.

Juhasz filed a Complaint in the Lehigh County Court of Common Pleas on November 7, 2025. *See* ECF No. 1. Juhasz served USAA on November 19, 2025. *See id.* USAA removed the case to the District Court for the Eastern District of Pennsylvania on December 18, 2025. *See id.* Juhasz filed an Amended Complaint on January 6, 2026. *See* Am. Compl. Count I of Juhasz's Amended Complaint is for breach of contract. Count II is for bad faith. Count I also alleges that USAA breached its fiduciary duty to Juhasz by failing to evaluate her claim. *See id.* ¶¶ 32–33. USAA filed a motion to dismiss Count II on January 21, 2026, alleging that the Amended Complaint contained only conclusory allegations and therefore failed to state a claim for bad faith, and seeking to dismiss Juhasz's breach of fiduciary duty allegations. *See* Mot., ECF No. 9. Juhasz filed a Response on January 28, 2026. *See* Resp., ECF No. 10.

III.    **LEGAL STANDARDS**

   A.  **Motion to Dismiss – Review of Applicable Law**

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d

---

[1]    Although referenced in her demand to USAA, Juhasz did not provide her medical records to the Court.

224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B.  Bad Faith**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at

*9 (E.D. Pa. June 8, 2016). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496, at *11.

## IV.    ANALYSIS

Juhasz's Amended Complaint consists largely of bare-bones allegations that fail to state a claim. Juhasz alleges that USAA acted in bad faith because USAA offered her only $15,000 as a settlement without explanation and without stating a basis for the determination of the value of the claim. Several of Juhasz's allegations are conclusory, including her allegations that USAA "fail[ed] to evaluate and determine [Juhasz's] entitlement to UIM benefits based on the terms of the policy;" "fail[ed] to objectively and fairly evaluate [Juhasz's] claims;" "fail[ed] to make a reasonable settlement offer;" "refus[ed] to pay a fair amount;" "fail[ed] to make a reasonable offer despite knowing or recklessly disregarding its lack of a reasonable basis for its offer;" "fail[ed] to attempt in good faith to effectuate a fair, prompt, and equitable settlement;" "breach[ed] its implied and lawful duty of good faith and fair dealing to [Juhasz]; and "ma[de] an offer of $15,000 which was clearly unreasonable under the circumstances." Am. Compl. ¶ 44. These conclusory allegations therefore fail to state a claim. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (holding that conclusory allegations fail to state a bad faith claim); *Atiyeh v. Nat'l Fire Ins. Co. of Hartford,* 742 F. Supp. 2d 591, 599–600 (E.D.

Pa. 2010) (finding that the plaintiff's allegations that the defendant insurance company "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis" were conclusory and failed to state a bad faith claim). Without substantiation, the pleaded facts are insufficient to plead bad faith. *See Smith*, 506 F. App'x at 136 (affirming dismissal of a bad faith claim for "failing to properly investigate" when "State Farm promptly opened a claim at Smith's request, assigned an adjuster within two days, consented to settlement with the tortfeasor's insurance company, waived subrogation, made an initial settlement offer, and issued payment for the initial offer"); *see also Eley v. State Farm Ins. Co.*, No. 10-5564, 2011 WL 294031, at *4 (E.D. Pa. Jan. 11, 2011) (dismissing a bad faith claim for failing to plead facts beyond "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (citation omitted).

To the extent that unreasonable settlement offers can be evidence of bad faith, *see* Am. Compl. ¶ 44, Juhasz fails to allege *why* USAA's $15,000 offer is unreasonable. Courts sometimes consider lost wages and medical expenses, as well as the injuries suffered, to determine whether a settlement offer is reasonable. *See Davis v. Nationwide Mut. Ins. Co.*, 228 F. Supp. 3d 386, 389 (E.D. Pa. 2017) (finding that a $7,500 settlement offer was unreasonable when the plaintiff had been out of work for over four years and underwent multiple surgeries and medical treatments). Yet, beyond pleading what her injuries were, and that she lost earnings and her overall earning capacity, Juhasz does not provide an amount of lost wages or medical expenses in either her

Amended Complaint or attached exhibits. She allegedly provided USAA with her medical records but does not provide them to this Court. *See* Ex. F; *see also McConnell v. Nationwide Mut. Ins. Co.*, No. 21-4523, 2022 WL 970671, at *2 (E.D. Pa. Mar. 31, 2022) (dismissing an amended complaint for failing to "describe any type of medical treatments undergone or costs incurred, nor does it detail how much, if any, time [the plaintiff] missed from work"). Ultimately, without providing quantitative data, she fails to provide a factual benchmark to support her allegations of the unreasonableness of USAA's offer. *See Lopez v. State Farm Mut. Auto. Ins. Co.*, No. 24-1750, 2024 WL 2874556, at *2 (E.D. Pa. June 6, 2024) (dismissing a bad faith claim for failing to plead lost wages and medical expenses and failing to plead what medical treatment the plaintiff underwent); *see also Hampton v. Progressive Ins. Co.*, 734 F. Supp. 3d 391, 395–96 (E.D. Pa. 2024) (dismissing a bad faith claim where the claimant failed to plead facts as to the reasonableness of his insurer's settlement offer); *Sypeck v. State Farm Mut. Ins. Co.*, No. 12-324, 2012 WL 2239730, at *3 (M.D. Pa. Jun. 15, 2012) (dismissing a bad faith claim when the plaintiff offered no other facts to support her claims that the insurer failed to investigate her claim); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15–0077, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015) ("Plaintiff's cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits.").

Taken together, Juhasz's allegations amount to little more than a disagreement over USAA's value of her claim, which is insufficient to state a claim for bad faith. *See Litman v. GEICO Cas. Co.*, No. 22-04530, 2023 WL 8091982, at *3 (E.D. Pa. Nov. 21, 2023) ("It is not unusual that the parties would disagree over the value of Plaintiffs' UIM claim, and GEICO's

failure to meet Plaintiff's demand[], without more, amount to bad faith"). Juhasz must "describe who, what, where, when, and how the alleged bad faith conduct occurred." *Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (citation omitted). [2]

The Court dismisses Count II of the Amended Complaint without prejudice.[3] *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

Also, Juhasz fails to plead breach of fiduciary duty in Count I. *See* Am. Compl. ¶¶ 32–33. Initially, the Court notes that her allegations that USAA breached a fiduciary duty to her are conclusory and insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Additionally, her allegations fail as a matter of law. "The mere fact that an insurer and an insured enter into an insurance contract does not automatically create a fiduciary relationship." *Conn. Indem. Co. v. Markman*, No. 93-799, 1993 WL 304056, at *5 (E.D. Pa. Aug. 6, 1993).[4] Likewise, "an insurer

---

[2]     To the extent Juhasz alleges that the one month that it took USAA to make its settlement offer was unreasonable, she fails to state a claim for bad faith. One month is within the timeframe that courts have found to be reasonable, as insurance investigations often take several months. *See Robbins v. Metro. Life Ins. Co.*, No. 08-0191, 2008 WL 5412087, at *8 (E.D. Pa. Dec. 29, 2008) (noting that a "four[-]month delay is not, by itself, so unusual or unreasonable to indicate bad faith"); *Williams v. State Farm*, No. 21-58, 2021 WL 2661615, at *6 (E.D. Pa. June 29, 2021) (finding that even if the entire delay was attributable to the insurer, "a period of nine or ten months, without more, is insufficient to establish bad faith"). Even if the Court considered Juhasz's June 2024 letter to USAA as her initial demand (although USAA requested Juhasz submit a UIM demand package), Juhasz fails to plead facts that the fourteen-month delay alone is proof of bad faith. *See Doherty v. Allstate Indem. Co.*, No. 15-05165, 2017 WL 1283942, at *40 (E.D. Pa. Apr. 6, 2017) ("[S]pans of thirteen to fifteen months to process claims are reasonable and do not automatically give rise to bad faith claims.") (quoting *Morrisville Pharm., Inc. v. Hartford Cas. Ins. Co.*, No. 09-2868, 2010 WL 4323202, at *5 n.40 (E.D. Pa. Oct. 29, 2010)).

[3]     Because the Amended Complaint is devoid of facts, this Court is unable to determine that an amendment would be futile.

[4]     The Third Circuit has held that, under Pennsylvania law, a fiduciary duty does not arise "until an insurer asserts a right under the policy to handle all claims against the insured." *Keefe v.*

does not assume a fiduciary duty toward an insured for UIM claims." *Tubman v. USAA Cas. Ins. Co.* 943 F. Supp. 2d 525, 528 (E.D. Pa. 2013) (finding that UIM claims are a hybrid of first- and third-party claims and thus are "inherently at an arm's length and adversarial because the insured seeks to maximize her recovery, while the insurer seeks to minimize recovery"); *see also Fitzpatrick v. State Farm Ins. Cos.,* No. 09-1498, 2010 WL 2103954, at *4–5 (W.D. Pa. May 25, 2010) (finding that claims for breach of fiduciary duty in non-third party UIM claims fail as a matter of law). USAA does not maintain a fiduciary relationship with Juhasz for her UIM claim and therefore does not assume a fiduciary duty toward her. The Court dismisses Juhasz's allegations of breach of fiduciary duty in Count I with prejudice. *See Pommells v. State Farm Ins.*, No. 18-5143, 2019 WL 2339992, at *5 (E.D. Pa. June 3, 2019) (dismissing, not striking, a plaintiff's allegations of breach of fiduciary duty in a UIM claim because "to the extent [the plaintiff] attempts a theory of relief for breach of fiduciary duty in any of her claims, it is dismissed with prejudice") (citing *Burlington*, 114 F.3d at 1434 (providing futility as a reason for a court to deny leave to amend)). To the extent that the rest of Count I alleges breach of contract, it is not dismissed.

## V.    CONCLUSION

For the foregoing reasons, the Court dismisses Count II of the Amended Complaint because the allegations contained therein fail to state a claim for bad faith. The Court grants Juhasz leave to amend and fix the deficiencies therein. Additionally, Juhasz's breach of fiduciary duty allegations in Count I fail as a matter of law, and the Court dismisses them with prejudice. The breach of contract claim in Count I remains.

---

*Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 227–28 (3d Cir. 2000). These scenarios apply to third party insurance claims, not UIM claims. *See Tubman*, 943 F. Supp. 2d at 528.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*

JOSEPH F. LEESON, JR.
United States District Judge